IN THE CIRCUIT COURT OF RANDOLPH COUNTY, MISSOURI

| | |
|---|---|
| ADMIN CENTRAL, LLC, <br> A Missouri Limited Liability Company <br><br> Plaintiff, <br><br> v. <br><br> IMPACT NETWORKING, LLC, <br> A Illinois Limited Liability Company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PETITION FOR DAMAGES

**COMES NOW,** Plaintiff, by and through counsel, and for its Petition for Damages, states as follows:

### Allegations Common to All Counts

1. Plaintiff is a limited liability company organized and existing under the laws of the state of Missouri, with capacity to contract, sue, and be sued. Its registered agent is Raven Monnig whose registered address is 509 W Rollins Ste 204, Moberly, MO 65270.

2. Defendant is a limited liability company organized and existing under the laws of the state of Illinois, with capacity to contract, sue, and be sued. Its registered agent is C T Corporation System whose registered address is 208 So Lasalle Street, Ste 814, Chicago, IL 60604.

3. Missouri has enacted a long arm statute codified at 506.500 RSMo which provides Missouri courts jurisdiction over entities which perform any of the following acts in the state of Missouri:

    a. The transaction of any business within this state;

      b. The making of any contract within this state;

      c. The commission of a tortious act within this state;

4. Defendant has transacted business within this state as follows:

      a. Defendant is an equipment and managed IT company. Plaintiff is a lease administration company. Plaintiff and Defendant transacted business in the state of Missouri, in that, Plaintiff is solely located in Missouri and procured lease financing for equipment sales and/or leases made by Defendant, and such lease financing transactions were procured by Plaintiff in Missouri on behalf of Defendant. Additionally, Defendant sold and/or leased equipment to Missouri customers for which Plaintiff procured lease financing and administration and Plaintiff's work on behalf of Defendant occurred in Missouri.

      b. Pursuant to the contract alleged in Count II, Defendant provided equipment to Plaintiff located in Missouri and provided managed IT services to Plaintiff for Plaintiff's equipment located in Missouri.

5. Defendant and Plaintiff entered a contract in Missouri, in that, Defendant offered to provide website design and code, a customer portal design and programming, and application processing design and programming for Plaintiff's use in Missouri and said contract was executed in Missouri upon signing by Plaintiff in Missouri on August 20, 2013.

6. Defendant has committed a tortious act within Missouri, in that, Defendant converted the data and files of Plaintiff, as well as Plaintiff's intellectual property, computer software, client data, and other valuable property to Defendant's own use and to the exclusion of Plaintiff by remotely accessing Defendant's computer equipment, without

permission, and by overriding or bypassing Defendant's password, to block Defendant's access to said items and refused the return of the same. Additionally, Defendant caused Plaintiff's website and URL to be redirected from Plaintiff's website to Defendant's website thereby preventing Plaintiff's clients' from accessing Plaintiff's website and administrative services.

7. Venue is proper in this court pursuant to 508.010.4 RSMo, in that, the above-captioned cause alleges a tort and Plaintiff was first injured in County of Randolph, State of Missouri.

## COUNT I
## Breach of Contract

8. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 7 as though fully set forth.

9. On or about September 8, 2017, Plaintiff and Defendant entered a written contract whereby Plaintiff would provide processing of equipment lease transactions for Defendant, as well as administrative services and sales support for an agreed monthly rate of $5,000.00 plus 1% of the value of the lease volume. A copy of the written contract is attached hereto as Exhibit 1 and is incorporated by reference.

10. The written contract between Plaintiff and Defendant provided, "This contract is in full force and affect and cannot be cancelled or modified without 90 days prior written notification. All current and/or past due invoices as well as monies to be owed for the following 90 day notification period shall be due upon termination of this contract."

11. Between September 8, 2017 and the present, Plaintiff, by and through Plaintiff's servants and employees, fully performed the lease processing and other services as agreed.

12. On or about April 6, 2021, Defendant sent written notice to Plaintiff that Defendant intended to anticipatorily repudiate and terminate the contract immediately, and such termination was contrary to and in violation of the contract provision alleged in paragraph 10. A copy of said anticipatory repudiation is attached hereto as Exhibit 2 and is incorporated by reference as though fully set forth.

13. On or about April 8, 2021 Plaintiff sent Defendant a written final invoice in the sum of $100,254.28 pursuant to the contract provision alleged in paragraph 10. Said invoice included $24,054.28 in "current and/or past due invoices" and $76,200.00 in "monies to be owed for the following 90 day notification period." A copy of said invoice is attached hereto as Exhibit 3 and is incorporated by reference.

14. Despite repeated demand, Defendant has failed and refused, and still fails and refuses, to pay Plaintiff the stated charges pursuant to the contract alleged herein, in breach of the contract between Plaintiff and Defendant, and to the damage of Plaintiff in the sum of at least $100,254.28.

**WHEREFORE,** Plaintiff respectfully prays for Judgment against Defendant in the sum of $100,254.28; For pre and post judgment interest at the maximum legal rate; That costs be taxed to Defendant; and for such other and further Orders as the Court deems just and proper.

## COUNT II
### Breach of Contract

15. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 14 as though full set forth.

16. On or about August 20, 2013, Plaintiff and Defendant entered a written contract whereby Defendant would provide website design and code, a customer portal design and programming, and application processing design and programming for Plaintiff

and Plaintiff would pay $66,000.00. A copy of the written contract is attached hereto as Exhibit 4 and is incorporated by reference as though fully set forth.

17. The contract pleaded herein provided that Defendant would complete the contracted work in phases with all work to be completed within 30 weeks.

18. Plaintiff has fully performed the contract and has made payments based on and in addition to the payments due per contract phase completion. To date Plaintiff has paid Defendant $51,210.00.

19. Despite repeated request by Plaintiff, Defendant has failed and refused to perform the contract pleaded herein, in that, despite performance being due within thirty (30) weeks it has now been approximately seven (7) years and Defendant has failed to complete phases three, four, and/or five of the contracted services, including failing to complete functional customer portal, failing to complete any reporting/output matrix of any kind, and failing to provide connectivity to any outside source like the leasing company.

20. As a direct and proximate result of the breaches of contract by Defendant as alleged herein, Plaintiff has been damaged in the sum of $51,210.00, constituting the sum paid by Plaintiff to Defendant for the services and property which Defendant failed and refused to deliver.

**WHEREFORE,** Plaintiff respectfully prays for Judgment against Defendant in the sum of $51,210.00; For pre and post judgment interest at the maximum legal rate; That costs be taxed to Defendant; and for such other and further Orders as the Court deems just and proper.

### COUNT III
**Conversion**

21. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth.

22. Plaintiff is and was the owner of the web domain MyAdminCentral.com.

23. Plaintiff is and was the owner of certain business records created and used by Plaintiff, including but not limited to client lists, contracts, account information, contact information, and other valuable property.

24. Pursuant to the contracts alleged in Counts I and II herein, Defendant was provided access to the property alleged in paragraphs 23 and 24 for the purposes of performing the contracts pleaded herein.

25. On or about October 2020, pursuant to the contracts alleged in Counts I and II, Defendant copied Plaintiff's business records, client lists, contracts, account information, contact information, and other valuable property and copy to remote storage (One Drive) and also copied the same to a computer which was provided to Plaintiff.

26. At all times material hereto, Plaintiff had password protection established for her remotely stored data and property and for her computer alleged in paragraph 25.

27. On or about April 6, 2021, Defendant accessed the remote storage of Plaintiff's data and circumvented the password protection. Thereafter, Defendant changed Plaintiff's password without Plaintiff's permission or knowledge to prevent Plaintiff from accessing the aforesaid data and property.

28. On or about April 6, 2021, Defendant remotely accessed Plaintiff's computer alleged in paragraph 25 and changed Plaintiff's password and locked out access to said computer to prevent Plaintiff from accessing her data and property.

29. On or about April 6, 2021, Defendant disabled Plaintiff's website and web domain and redirected the same to Defendant's own website and web domain, so that when customer's of Plaintiff attempted to access MyAdminCentral.com they were instead redirected to Defendant's website. Defendant had no ownership of Plaintiff's web domain nor right to redirect it.

30. Defendant's access to Plaintiff's data and computer was without permission or authority and in violation of 18 U.S. Code § 1030.

31. Defendant has accessed and viewed Plaintiff's data and property described in paragraphs 25 through 29 and has admitted to the same. Defendant continues to exert possession and control over the aforesaid property to the exclusion of Plaintiff.

32. Despite repeated request for the return of Plaintiff's property, Defendant continues to fail and refuse to return the same, while at the same time Defendant has made use of Plaintiff's property to further Defendant's own business.

33. Defendant's acts as described herein were outrageous because of Defendant's evil motive or reckless indifference to Plaintiff's rights, in that at the time of seizure of Plaintiff's property and at the time of Defendant's refusal to return the same, Defendant intended to specifically damage Plaintiff's business and further to profit from the use of Plaintiff's property, including but not limited to by redirecting Plaintiff's customer's from Plaintiff's website to Defendant's own business in an attempt to convert Plaintiff's customers to its own. Furthermore, Defendant has attempted to hold Plaintiff's data and property hostage to force Plaintiff to acquiesce to Defendant's demands to settle the breach of contract claims alleged in Counts I and II.

**WHEREFORE,** Plaintiff respectfully prays for Judgment against Defendant in a sum that is fair and reasonable in excess of $25,000.00; For PUNITIVE DAMAGES; and that costs be taxed to Defendant.

Respectfully Submitted,

Christopher Braddock, Bar No.: 62761
Cline, Braddock & Basinger LLC
224 N 8th Street
Columbia, MO 65201
Phone: 573.443.6244 Fax: 573.874.3640
Email: Chris@Cline-Braddock.com
ATTORNEY FOR PLAINTIFF